SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joseph Danny Prophet, | ) No. CV 1-08-00982-FJM |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Ken Clark, et al., | ) |
| Defendants. | ) |

Plaintiff Joseph Danny Prophet, who is confined in the California Substance Abuse Treatment Facility in Corcoran, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, and was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (Doc.# 4.) Because Plaintiff has at least three strikes under 28 U.S.C. § 1915(g), the Court will revoke the order granting him leave to proceed *in forma pauperis*, vacate the order directing payment of the inmate filing fee, and dismiss this action. (Doc.# 4.)

**I.     "Three Strikes Provision" of 28 U.S.C. § 1915(g).**

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Because § 1915(g) is a procedural rule that does not raise retroactivity

concerns, cases that were dismissed before the effective date of § 1915(g), i.e., April 26, 1996, may be counted as qualifying dismissals or "strikes." Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997). If a plaintiff has three strikes, he may bring a civil action without complete prepayment of the $350.00 filing fee only if he alleges that he is in *imminent* danger of serious physical injury. 28 U.S.C. § 1915(g).

At least three of Plaintiff's prior actions have been dismissed as frivolous, malicious and/or as failing to state a claim. See Prophet v. Dunham, No. CV 07-01372-OWW-DLB, 2007 WL 4190785 (E.D. Cal. Nov. 26, 2007) (dismissed for failure to state a claim); Prophet v. Clark, No. CV 08-01748-SMS-PC, 2009 WL 499344 (E.D. Cal. Feb. 26, 2009) (dismissed for failure to state a claim); Prophet v. Dep't of Corr., No. CV 06-02822-FCD-EFB, 2009 WL 728493 (E.D. Cal. March 19, 2009) (dismissed for failure to state a claim).

## II.     **Failure to Allege Imminent Danger of Serious Physical Injury**

If a plaintiff has three strikes, as Plaintiff does, he may bring a civil action without complete prepayment of the $350.00 filing fee only if he is in *imminent* danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff appears to be attempting to allege a claim for denial of access to the courts, interference with legal mail privileges, and retaliation. Plaintiff has not alleged an imminent danger of serious physical injury or facts to support an imminent danger of serious physical injury.

Because Plaintiff has at least three strikes under § 1915(g) and he does not allege imminent danger of serious physical injury, Plaintiff's status to proceed *in forma pauperis* will be revoked, the fee payment order vacated, and this action dismissed. (Doc.# 4.) Plaintiff's Complaint and this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) for failure to pre-pay the $350.00 filing fee. If Plaintiff wishes to reassert these claims in a new case in the future, he must pre-pay the entire filing fee when he files the new action.

**IT IS ORDERED**:

(1)     Plaintiff's status to proceed *in forma pauperis* (doc.# 4) is **revoked** pursuant

to 28 U.S.C. § 1915(g).

(2) The Order directing payment of an inmate filing fee is **vacated** and any withdrawn sums returned to Plaintiff's inmate trust account. (Doc# 4.)

(3) Plaintiff's Complaint and this action are **dismissed** pursuant to 28 U.S.C. § 1915(g) without prejudice to Plaintiff filing a complaint in a new case accompanied by the full $350.00 filing fee. (Doc.# 1.)

(4) The Clerk of Court is directed to terminate this action.

DATED this 19th day of June, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge